Lee, J.
delivered the opinion of the court.
In this case the plaintiff in error assigns two grounds upon which, as he contends, the judgment of the court below is erroneous and ought to be reversed: One is, that the court erred in overruling the demurrer to the declaration, treating the rendition of final judgment in favor of the plaintiff in the court below as a virtual overruling of the demurrer; and the other, that the court erred in giving judgment for the plaintiff on the case agreed, the law arising thereon, as the plaintiff in error contends, entitling him to the judgment of the court in his favor.
Two grounds of objection to the declaration are alleged: One, that it contains no averment of the nonpayment of the debt (the penalty of the injunction bond on which the action was founded) in the declaration mentioned; and the other, that it appears from the face of the declaration, that the chancery suit to obtain the injunction on which the injunction bond was executed with the usual condition, had been dismissed by the complainant therein at rules, and that the suit on the injunction bond for breach of its condition was instituted before the said office dismission had or could have been confirmed by the court, *91 the next term of the court after the said office dismission not commencing by law until some time after the suit had been instituted. But the court deems it necessary to express any opinion upon the sufficiency of the declaration, because it seems to the court that the plaintiff in error, by entering into the agreement of the facts of the case on the record, and formally submitting that the court should render its judgment in the case upon that state of facts, must be held to have waived and abandoned the demurrer to the declaration which he had previously fifed. He had filed no plea whatever, nor sought to make any issue of fact; and subsequently pame in, and the facts being agreed, consents that the judgment of the court shall be for the plaintiff or for the defendant in the action, as the court shall be of opinion that the law upon those facts was for the one or for the other. It can scarcely be supposed, that if he had intended to rely upon his demurrer, he would have entered into an agreement resting the case upon the facts agreed; and the court can only regard these parties as having intended to put an end to the litigation between them by invoking the judgment of the court upon the facts, without regard to the previous pleadings in the case. The court is therefore of opinion, that the agreement entered of record was a sufficient reason for the court passing by the demurrer to the declaration, and proceeding at once to render its judgment upon the agreed case. And this view of .the case, the court think, is supported by tkp opinion and judgment of the court in the case of Royall v. Eppes, 2 Munf. 479.
The other ground of error assigned goes to the foundation of the plaintiff’s action. It appears that the chancery suit in which this injunction bond had been given, was dismissed at September rules 1S-13. The action was commenced on the 11th of October 1843, *92 some months before the next term of the court after such dismission; and it is insisted by the plaintiff in error, that the right of action upon the injunction bond was inchoate only, and not consummate until this office dismission had been confirmed by the court, or at least not until after the rise of the then next court. This is doubtless correct as to office judgments, including office dismissions, in suits at law; and the case of Evans v. Freeland, 3 Munf. 119, is a sufficient authority to show that a scire facias upon an office judgment in a suit at law, which does not aver that the office judgment was confirmed by the court or by rise of the next court, will be fatally defective. But the court thinks there is a difference in this respect in proceedings under the act of 1819 in suits at law and suits in equity. The act provides, in regard to the latter class of cases, (1 Rev. Code, p. 213, § 78,) that upon the complainant’s dismissing his bill or the defendant’s dismissing the same for want of prosecution, the complainant shall pay costs, to be taxed by the clerk of the court; for which costs an attachment or other process of contempt or an execution may issue at the election of the defendant, returnable on any return day; thus, evidently, contemplating nothing further to be done to render the dismission final and absolute, but providing the means at once for compelling the payment of the costs incurred by the dismission of the suit. Nor does the court regard the operation and effect of this provision as modified or altered by the terms of the clause" concerning the limitation of the period within which a suit, dismissed in the office or in court, might be reinstated, found in the act of March 7th, 1826; nor that it was intended by the last named act to require anything more to render an office dis-mission perfect than was required by the act of 1819.
*93 The court is therefore of opinion, that upon this voluntary abandonment of his injunction by the complainant, by the dismission of his suit, a breach of the condition of his bond was committed, for which an action accrued immediately; and that the defendant in error was not bound to wait until after the rising of the court at its next term, but could bring his suit on the bond at once. And no error to the prejudice of the plaintiff in error appearing in the said judgment, the same is to be affirmed with costs.
Judgment affirmed.